24-2521
*Alston v. Franco*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of July, two thousand and twenty-six.

Present:
          RICHARD C. WESLEY,
          MICHAEL H. PARK,
                    *Circuit Judges*,
          ELIZABETH C. COOMBE,
                    *District Judge*.*

DAVID ALSTON,

                    *Plaintiff-Appellee*,

          v.                                        24-2521

JOSEPH FRANCO,

---

* Judge Elizabeth C. Coombe, of the United States District Court for the Northern District of New York, sitting by designation.

*Defendant-Appellant,*


CITY OF NEW YORK, JOHN VOLPE, JOHN DOE 1
THROUGH 10, JANE DOE 1 THROUGH 10,

*Defendants.*

———————————

For Plaintiff-Appellee:        BRETT H. KLEIN (Lissa Green-Stark, *on the brief*), Brett H. Klein, Esq., PLLC, New York, NY.

For Defendant-Appellant:       BRYAN HA (James M. Moschella, *on the brief*), Karasyk & Moschella, LLP, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant-Appellant Joseph Franco appeals from a Memorandum Decision and Order of the United States District Court for the Eastern District of New York (Cogan, *J.*) denying Franco's motion to vacate entry of default and granting the motion for a default judgment filed by Plaintiff-Appellee David Alston. We assume the reader's familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

The events underlying this appeal began more than two decades ago. In 2005, Alston was arrested on drug charges based on the testimony of two police officers— Franco, who was then a narcotics detective for the New York City Police Department

2

("NYPD"), and Defendant John Volpe, another NYPD officer—that Alston had purchased $40 worth of crack cocaine from Franco. Alston eventually pleaded guilty to the criminal sale of a controlled substance in the fifth degree and was ordered to complete a 12-to-18-month drug treatment program in lieu of a prison sentence.

More than a decade later, in 2019, Franco was charged in New York state court with perjury and official misconduct for allegedly fabricating evidence of drug purchases by innocent people. Those charges were eventually dismissed; Franco maintains his innocence on this appeal. But the NYPD fired Franco, and a number of convictions that had been secured through his testimony were vacated, including Alston's.

After his conviction was vacated, Alston initiated this action against New York City, Volpe, and Franco under 42 U.S.C. § 1983 and New York state law, alleging that Franco and Volpe fabricated the evidence against him. Alston soon settled his claims with New York City and Volpe. But when Franco failed to appear, the clerk (at Alston's request) entered a default against Franco, and Alston moved for a default judgment. Following an inquest on damages, Franco appeared in the lawsuit for the first time and moved to vacate entry of default, which the district court denied. In the same decision, the district court granted default judgment against Franco on Alston's claims for malicious prosecution and denial of a fair trial, awarding Alston damages, attorney's fees, and costs. Franco then moved for reconsideration of that decision, which the district court denied.

3

"[A] court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine whether a party has established "good cause," courts weigh three factors: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (per curiam) (quoting *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013)).

We review a district court's denial of a motion to vacate entry of default for abuse of discretion. *See id.* While we give credence to the "sound discretion of [the] district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties," this discretion is "not unlimited." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). As we have explained, the "circumscribed scope of the district court's discretion in the context of a default is a reflection of our oft-stated preference for resolving disputes on the merits." *Id.*

In considering Franco's motion to vacate entry of default, the district court held that all three of the relevant factors—willfulness, existence of meritorious defenses, and prejudice to Alston—weighed against vacating default. Franco argues that the district court "clearly erred and abused its discretion" in making each of these findings and

4

indeed that the court's decision treated Franco "with a disdainful attitude that evince[d] a deep judicial bias against him."[1]  Appellant's Br. at 15–16.

We disagree.  Even assuming that Franco's default was not willful and that vacating default would not prejudice Alston, the district court did not abuse its discretion in denying the motion "because it is clear from the record that [Franco] . . . failed to shoulder [his] burden of establishing that there was good cause to reopen the default"— that is, he "failed to demonstrate that [he] possessed a meritorious defense." *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320–21 (2d Cir. 1986) (district court's failure to "explicitly" consider willfulness, prejudice, and this Court's "strong preference for resol[ving] . . . disputes on their merits" was not an abuse of discretion where defaulting party had offered nothing more than "sworn conclusory denials" of the claims against it); *see also Enron*, 10 F.3d at 98 ("A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense.").

In moving to vacate entry of default, Franco—who is represented by counsel—did not demonstrate that he had a meritorious defense to Alston's claims.  While his supporting memorandum stated—somewhat baldly—that his "meritorious defenses" included that Alston's "arrest and prosecution" were based on "probable cause," not "fabricated evidence," he provided little to back those assertions.  App'x at 272.  He stated that Alston had ultimately pleaded guilty to a drug charge—something Alston's

---

[1] Franco never sought the district court's recusal.

complaint and inquest testimony had made perfectly plain—and noted that Alston's conviction had been vacated as a matter of "prosecutorial discretion" without any affirmative finding of police misconduct or of Alston's innocence.[2] *See id.* at 256, 271. And while Franco submitted a supporting affidavit, it focused entirely on "whether he had notice of this lawsuit."[3] Special App'x at 9. Franco did not offer his own account of the events that led to Alston's arrest and prosecution, any account from Volpe, or any evidence about the events at issue. In fact, his affidavit did not even "den[y] that he fabricated the story of the drug transaction." *Id.*

On appeal, Franco nonetheless contends that the district court overlooked the account he had offered, insisting (without a citation) that he "did deny Alston's version of events." Appellant's Br. at 24. He faults the district court for "resolving doubts on factual issues in favor of Alston and against Franco," *id.* at 26, in contravention of this Court's instruction that "all doubts must be resolved in favor of the party seeking relief" from default, *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

---

[2] In his reply brief, Franco argues that "Alston's guilty plea and conviction" constitute a meritorious defense "as a matter of law." Appellant's Rep. Br. at 14. We decline to consider issues "raised for the first time in a reply brief." *See ABN Amro Verzekeringen BV v. Geologistics Ams., Inc.*, 485 F.3d 85, 97 n.12 (2d Cir. 2007); *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993). We do note, however, that the Supreme Court has recently held that "[t]o demonstrate a favorable termination of a criminal prosecution for purposes of [a] Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction," rather than an affirmative indication of innocence, overturning previous case law of this Circuit to the contrary. *See Thompson v. Clark*, 596 U.S. 36, 39, 41 (2022).

[3] While Franco argues that he "was not aware of this action" until he sought to vacate entry of default, he does not contest that he was in fact properly served. *See* Appellant's Br. at 20.

6

We cannot agree. This Court's "oft-stated preference" for deciding matters "on the merits," *Enron*, 10 F.3d at 95, does not free the defaulting party of the obligation of presenting at least some evidence that can open the possibility for "doubts," *see Green*, 420 F.3d at 104. As explained above, it is well established that a defaulting party "must present more than conclusory denials when attempting to show the existence of a meritorious defense." *Id.* at 110 (quoting *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001)); *Enron*, 10 F.3d at 98.

Franco provided nothing more than conclusory denials in his initial motion to vacate entry of default. And while he did subsequently point to such evidence in his motion for reconsideration, which included an affidavit detailing his account of Alston's arrest and prosecution, *see* Appellant's Br. at 26, that is of no moment here. Notably, Franco appealed only the district court's decision denying his motion to vacate the entry of default and granting Alston's motion for a default judgment; he did not appeal the district court's denial of his motion for reconsideration. *See Luo v. L & S Acupuncture, P.C.*, 649 F. App'x 1, 2 (2d Cir. 2016) (summary order) ("The Federal Rules of Appellate Procedure require a party challenging a post-judgment order, including a ruling on a motion [for reconsideration], to either file a notice of appeal after the relevant denial of the motion or to amend a prior notice of appeal." (citing Fed. R. App. P. 4(a)(4)(B)(ii))). Thus, even if the district court abused its discretion in refusing to consider Franco's tardily offered evidence—not an easy bar to clear, *see Van Buskirk v. United Grp. of Cos.*,

7

*Inc.*, 935 F.3d 49, 54 (2d Cir. 2019)—that question is simply not before us, and "we lack jurisdiction" to even consider it, *see Luo*, 649 F. App'x at 2.[4]

The district court's tone in denying Franco's motion to vacate entry of default is somewhat caustic, and we might wish that it had rendered its decision with a little less wit. But we cannot conclude that the court's resolution of this matter was motivated by bias, any more than we can conclude that the court abused its discretion in determining that Franco had not established good cause to vacate the entry of default. *See Sony Corp.*, 800 F.2d at 320–21.

We have considered Franco's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] In his reply brief, Franco asks us to exercise our "broad discretion" to consider material submitted in a motion for reconsideration. Appellant's Rep. Br. at 11 (quoting *Off. Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 159 (2d Cir. 2003)). Again, we generally do not consider arguments made for the first time in a reply. *ABN Amro Verzekeringen BV*, 485 F.3d at 97 n.12. And in any event, we are disinclined to exercise that "broad discretion" in this case, especially because (as Franco appears to acknowledge) *Color Tile* says we have discretion to consider untimely legal arguments and issues—not untimely facts. 322 F.3d at 159.